UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THADDEUS D.,

                Plaintiff,

v.                                           CASE # 21-cv-01304

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FREDERICK LAW OFFICES, PLLC<br>  Counsel for Plaintiff<br>4467 S. Buffalo St.<br>Orchard Park, NY 14127 | SARAH A. FREDERICK, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | MICHAEL P. CORONA, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is DENIED, the defendant's motion for judgment on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

I.   **RELEVANT BACKGROUND**

   A.   **Factual Background**

Plaintiff was born on November 19, 1986 and has a high school education. (Tr. 53, 191). Generally, plaintiff's alleged disability consists of generalized anxiety disorder, panic attacks, depression and an underactive thyroid. (Tr. 190). His alleged onset date of disability is January 15, 2015. (Tr. 186).

   B.   **Procedural History**

On November 11, 2019, plaintiff applied for Supplemental Security Income benefits under Title XVI of the Social Security Act. (Tr. 173). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On December 9, 2020, plaintiff telephonically appeared before ALJ Linda Stagno. (Tr. 37-52). On March 2, 2021, ALJ Stagno issued an unfavorable decision finding plaintiff not disabled under the Social Security Act. (Tr. 19-32). On October 21, 2021, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   C.   **The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1.  The claimant has not engaged in substantial gainful activity since November 11, 2019, the application date (20 CFR 416.971 *et seq.*).

2.  The claimant has the following severe impairments: anxiety disorder, hypothyroidism, and obesity (20 CFR 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has to residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except he will be off task 9 percent of the day, and is limited to occasional interaction with others.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on November 19, 1986 and was 33 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.963).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 11, 2019, the date the application was filed (20 CFR 416.920(g)).

(Tr. 19-32).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff first argues the ALJ's off-task limitation in the RFC is not based on substantial evidence. (Dkt. No. 13 at 12 [Plaintiff's Memo of Law]). Plaintiff next asserts the ALJ substituted her own lay medical judgement for that of a psychiatrist or psychologist regarding his mental limitations. (*Id*. at 22).

### B.   Defendant's Arguments

In response, defendant broadly argues the RFC is supported by substantial evidence and all limitations were supported by evidence, including but not limited to, the opinion evidence. (Dkt. No. 14 [Defendant's Memo of Law]).

### III. RELEVANT LEGAL STANDARD

#### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.  ANALYSIS

The RFC is an assessment of "the most [plaintiff] can still do despite [his or her] limitations." 20 C.F.R. § 416.945v(a)(1).  It reflects "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis," i.e. "8 hours a day, for 5 days a week…" 20 C.F.R. § 416.945(a)(4). These activities include physical activities, "such as sitting, standing, walking…," and mental activities, "such as understanding, remembering, and carrying out instructions…." 20 C.F.R. § 416.945(b)-(c). In this case, the ALJ found plaintiff had the RFC to perform medium work except he would be off task 9 percent of the

day, and was limited to occasional interaction with others. (Tr. 26). Plaintiff challenges the ALJ's consideration of his mental, but not physical, impairments. (Dkt. No. 13).

A.  **Highly Specific RFC**

Plaintiff argues that the ALJ's highly specific off task RFC limitation was not supported by substantial evidence. (Dkt. No. 13 at 12). An ALJ must conduct a distinct analysis that would permit adequate review on appeal, and each of the ALJ's conclusions must be supported by relevant medical evidence. *Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013). The fact that the ALJ assigned a particular percentage range to illustrate plaintiff's limitation of being off task does not undermine the fact that the ALJ's finding is supported by substantial evidence. As argued by defendant, an RFC does not need to mirror a medical opinion but rather must consider the record as a whole. *Matta v. Astrue,* 508 F. App'x 53, 56 (2d Cir. 2013). Further, where the record contains sufficient evidence, an ALJ is permitted to make determinations related to severe impairments. *Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations.").

Plaintiff contends the percentage is based on the ALJ's own surmise however, the ALJ specifically discussed records of fluctuating mental health symptoms, normal mental status findings, effects of treatment and medication, as well as the opinion evidence which supported her RFC findings. Case law has held that where treatment notes are in line with a RFC finding, an ALJ can craft a highly specific RFC finding absent a medical opinion. *Tracy R. v. Comm'r of Soc. Sec.*, No. 6:20-CV-06132 EAW, 2021 WL 2659219, at *9 (W.D.N.Y. June 29, 2021)(affirming where

6

there was no medical source opinion to support 10 percent off task limitation). The ALJ observed that mental status examinations were almost entirely normal throughout the entire relevant period, save for anxious mood, including euthymic mood, congruent affect, appropriate thought content and process, intact attention and concentration, and good insight and judgment. (Tr. 27-28, *see* Tr. 768-69, 775-76, 1070-71). Consultative examiner Dr. Ransom opined only mild limitations in plaintiff's ability to sustain concentration to perform a task at a consistent pace, sustain an ordinary routine and regular attendance at work, regulate emotions, control behavior and maintain wellbeing. (Tr. 753-53). As noted by the ALJ, the conclusions of Dr. Ransom were supported her evaluation which revealed orientation times three, intact attention and concentration, and intact immediate, recent, and remote memory. (Tr. 28, *see* Tr. 751-52). 20 C.F.R. § 416.920b(c)(1). It was also consistent with the normal mental status exam findings from other treating sources which the ALJ had discussed. 20 C.F.R. § 416.920b(c)(2). The ALJ actually assessed greater limitations than Dr. Ransom but remand is not valid when greater than necessary restrictions are found. *See Lesanti v. Comm'r of Soc. Sec.,* No. 19-CV-121, 2020 WL 500986, at *6 (W.D.N.Y. Jan. 30, 2020). While the state agency consultants Drs. Jurgia and Fassler opined moderate limitations, the ALJ expressly concluded the evidence did not support greater than mild limitations. (Tr. 30).

While plaintiff argues there is no opinion for him to be off task 9 percent, the Second Circuit has rejected this argument and held that an RFC is supported by substantial evidence, even if it does not correspond to any particular medical opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (unpublished) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render a RFC finding consistent with the record as a whole); *Wynn v. Comm'r of Soc. Sec.*, 342 F. Supp. 3d 340, 349 (W.D.N.Y. 2018) (where the ALJ discussed four separate opinions relating to plaintiff's work-related

limitations, there was not a complete absence of opinion evidence relating to plaintiff's work-related limitations).

The ALJ also considered plaintiff's activities of daily living when assessing the percentage he would be off task. Plaintiff endorsed the ability to perform self-care, cook, clean, launder, shop, manage money, read, watch television, and spend time with his mother and sister. (*See* Tr. 752, 755). During the relevant period, plaintiff also received commissions for his artwork and started preparing for an art show. (*See* Tr. 811, 813-15). Although the plaintiff testified to problems with concentration, the opinion of Dr. Ransom and mental exams were contrary to the severity of the allegations. It was within the ALJ's discretion to resolve the conflicts of record and conclude that the plaintiff would be off task nine percent of the workday.

### B. Opinion Evidence

Plaintiff's related argument is the ALJ should have adopted the greater limitations assessed by the treating therapist Ms. Millard or the State agency medical consultants. (Dkt. No. 13 at 27-29). Indeed, there was an opinion from therapist Ms. Millard which assessed plaintiff would be off task 10% of the workday however the ALJ dutifully discussed and assessed the persuasiveness of that opinion. (Tr. 30). Plaintiff faults the ALJ's discussion as vague however taken as a whole, the reader can follow the ALJ's reasoning. The ALJ conveyed that Ms. Milliard's restrictive opinion was not persuasive as it was not supported by her own treatment notes. (Tr. 30). For example, in February 2020, Ms. Millard noted that plaintiff presented with a euthymic mood and congruent affect. (Tr. 777, also *see generally* Tr. 805-1062 for largely unremarkable mental status examinations from Horizon Health where Ms. Millard practices). The ALJ also discussed that Ms. Millard's opinion was inconsistent with the objective treatment record documenting normal mental

status examinations and that plaintiff was functioning well with medication and therapy. (Tr. 30, *see, e.g.,* Tr. 751-52, 768-69, 775-76, 1001-02, 1007-08, 1028-29, 1042-43, 1070-71). *See* 20 C.F.R. §§ 416.920c(c)(1)-(2) (discussing the supportability and consistency factors in considering medical opinions).

Likewise, as mentioned above, the ALJ properly considered the opinions of the State agency medical consultants, Drs. Jurgia and Fassler, finding them to be only partially persuasive. (Tr. 30). As required by the regulations, the ALJ explained she found the opinions only partially persuasive because although the opinions were based on a review of the medical evidence, they were only somewhat consistent with the findings in the medical evidence and the record as a whole corroborated no more than mild limitations in interacting with others and in concentrating, persisting, or maintaining pace. (Tr. 30, *see* Tr. 751-52, 768-69, 775-76, 1070-71).

As stated previously, the ALJ has the responsibility to determine a claimant's RFC based on all of the relevant medical and other evidence in the record. To require an RFC to mirror a medical opinion would conflict with an ALJ's duties. In this case, ALJ Stagno properly reviewed the evidence and opinions to formulate the RFC based on the record as a whole.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is

**DENIED;** and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 14) is

**GRANTED.**

Dated: July 5, 2023                                     *J. Gregory Wehrman*  J.G.W.
Rochester, New York                                 HON. J. Gregory Wehrman
                                                                   United States Magistrate Judge